7254

GAMBRILL v. UNITED STATES HEALTH AND ACCIDENT
                    INSURANCE CO.

1. INSURANCE—APPLICATION.—Where the statement that assured has
   had no medical treatment in five years is printed in an application
   for insurance and on the back of the policy, and its truth is war-
   ranted by applicant, the assured is bound by it, and if untrue
   avoids the policy, although the application was signed in blank, the
   blanks not relating to this matter, upon statement by agent that
   if assured would sign the application and get sick he would get his
   money. That assured did not know he had cancer at the time does
   not affect it.
2. IBID.—That a policy mentions cancer as one of the diseases insured
   against does not show that the company would insure one already
   suffering from that disease.

Before KLUGH, J., Greenville, April, 1908.    Affirmed.

Two actions by Marion Franklin Gambrell against
United States Health and Accident Insurance Co., in court
of Magistrate Samuel Stradley. From Circuit order
reversing judgment of magistrate in both cases, the plain-
tiff appeals.

*Mr. Adam C. Welborn,* for appellant, cites: *Knowledge
of agent is knowledge of principal:* 47 S. C., 148; 52 S. C.,
228; 70 S. C., 295; 57 S. C., 369.    *Notice of forfeiture at
issuance of policy estops company from asserting it:* 75
S. C., 320; 79 S. C., 529; 75 S. C., 263; 74 S. C., 246.

*Mr. Wilton H. Earle,* contra, cites: *Where answers are
warranted true, assured is bound by them, whether he filled
them in or the agent:* 117 U. S., 519; 41 Comm., 168; 183
U. S., 358; 92 Fed., 503; 25 Atl., 228; 39 Pac., 591; 77
S. C., 191; 61 S. C., 338.

July 20, 1909.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    These two actions were commenced
before a magistrate; one for eighty dollars on a health and

accident policy, issued by the defendant to the plaintiff, 18th of June, 1906, said amount being for sick benefit from 10th of December, 1906, to 10th of February, 1907; and the other for ninety and 66-100 dollars on the same policy, for sick benefit from 10th of February, 1907, to 18th of April, 1907.

The application for insurance was made upon certain statements, which the plaintiff warranted to be true, one of which was: "I have not had any medical or surgical treatment during the past five years."

In the preliminary notice of illness the assured stated that he was taken ill on 10th of December, 1906, and quit work on that day.

To the following questions, propounded in said notice, he made the following answers: "When did physician first attend you? December 10, 1905. Where? Greenville Sanitarium. Have you had any medical attendance during past five years? None until about twelve months ago." In the physician's preliminary report of illness appears the following: "When and where did you first examine claimant? December 10, 1905, at Greenville Sanitarium. Name the disease causing the disability? Cancer; December 10th had operation performed."

The physician who performed the operation testified: "I did not know in December, 1905, that it was cancer. I thought it only tumors. I did not notify plaintiff that it was cancer until August, 1906. I don't think anybody had. Plaintiff knew all about the operation in 1905. I told plaintiff it was a dangerous operation."

The testimony of a witness for the plaintiff was as follows: "I was present when application for the policy introduced in evidence was signed by the plaintiff, at the solicitation of W. W. Haskell, agent of defendant, and that the blanks in said application were not filled in. Haskell told Gambrell to sign that paper, and that if he got sick he would get his money."

The defendant's agent testified he did not know that the applicant then, or had in the past, suffered from cancer in any form, nor did he know that an operation had been performed on him for cancer, or for any other cause, at the time he took said application.

The insured died on the 18th of April, 1907.

The magistrate rendered judgment in favor of the plaintiff for the full amount claimed in each case, but on appeal to the Circuit Court the judgments were reversed, whereupon the plaintiff appealed, upon the following exceptions:

(1) "The Court erred in reversing the judgments in said two cases: because the undisputed testimony is that W. W. Haskell, agent of the defendant, told the plaintiff to sign the application for the said policy, and that if plaintiff got sick he would get his money, and the blanks in said application were not filled in.

(2) "The Court erred in not sustaining the judgments in both of said cases, and in not dismissing the appeals in said cases: because the plaintiff, after he signed the blank application for said policy and delivered the same to the defendant, through its agent, W. W. Haskell, was not bound by anything the defendant or any of its agents may have written in said blank application over plaintiff's signature.

(3) "Even if the blanks had been filled in said application, and read over to the plaintiff, the Court erred in not sustaining said judgments and dismissing said appeals: because W. W. Haskell, the agent of the defendant, told the plaintiff to sign that paper, meaning application, and if he got sick he would get his money, the defendant being liable for the acts or misdeeds of its agent in the course of his employment.

(4) "The Court erred in not affirming the judgments in both said cases and dismissing said appeals, because cancer is one of the diseases covered by said policy.

(5) "Even if cancer is not covered by said policy, the Court erred in not affirming said judgments and dismissing

said appeals: because the plaintiff did not know that he had cancer until August, 1906, after the said policy was issued on June 18, 1906.

(6) "The Court erred in not holding that the plaintiff did not obtain said policy under false representation, false statements, nor under any kind of fraudulent conduct and, therefore, the Court should have affirmed the judgments in both said cases."

The first, second and third exceptions will be considered together.

The words, "I have not had any medical or surgical treatment within the past five years," were printed in the application and on the back of the policy, and the blanks, which were not filled, merely related to the beneficiary, age, weight, height and avocation of the assured.

The statement of the agent, that if the assured became sick he would get his money, was made upon the assumption that he had not had any medical or surgical treatment within the past five years, and as the statement printed in the application was false, these exceptions can not be sustained.

We proceed to the consideration of the fourth exception. Although cancer is one of the diseases covered by the policy, it does not follow that the company would insure a person who already had it.

The fifth and sixth exceptions will be considered together.

The statement which the assured warranted to be true was that he had not had medical or surgical treatment within the past five years, and he knew, or is presumed to know, that this statement was false. The fact that he did not know that he had cancer until August, 1906, did not destroy the effect of the statement which he knew, or is presumed to have known, was false, and which he warranted to be true.

The judgments are affirmed.